1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SINNETT LAW, APC.**
Wayne A. Sinnett (SBN: 302987)
ws@sinlegal.com
Crystal T. Innabi (SBN: 316434)
ci@sinlegal.com
444 West C Street, Suite 230
San Diego, CA 92101
Tel: (619) 752-0703
Fax: (619) 330-2120

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**MICHELLE COOPER** an individual,

Plaintiff,

v.

**ACE CASH EXPRESS, INC.; NATIONAL PROCESSING CORP., INC.; and ELEXIS RIVERA, an individual,**

Defendants.

Case No.:   **5:18-CV-00484**

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:**

1. **THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, ET SEQ.;**

2. **THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, ET SEQ.**

**JURY TRIAL DEMANDED**

# INTRODUCTION

1.   This is an unfair debt collection practices action based upon Defendants use of a collection tactic commonly known as "the shake" which is industry parlance for "shakedown."

2.   The scheme is simple and effective. Debt collectors develop scripts to read during phone calls to consumers which threaten consumers with criminal "charges" or falsely claim they need to "verify an address for service of process" for a non-existent lawsuit.

3.   The indented effect is an undue sense of urgency resulting in panic on the part of the consumer who immediately contacts the debt collector and pays the alleged debt under a false and illegal pretext.

4.   That is the exact scheme Plaintiff, MICHELLE COOPER, was subject to and she brings this action against Defendants, ACE CASH EXPRESS, INC., ("ACE"), NATIONAL PROCESSING CORP., ("NPC"), and ELEXIS RIVERA, ("RIVERA" or collectively as "Defendants") alleging violations of: (i) The Fair Debt Collection Practices Act, ("FDCPA") 15 U.S.C. § 1692, et seq.; and (ii) The Rosenthal Fair Debt Collection Practices Act, ("RFDCPA") Cal. Civ. Code § 1788, et seq.

5.   Plaintiff alleges as follows upon personal knowledge as to Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorney.

6.   While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

7.   Unless otherwise states, all references to "Defendants" shall refer to all Defendants named in this action.

8.   Unless otherwise stated, Plaintiff alleges that any violations by Defendants were knowing and intentional, and that Defendants did not maintain procedures reasonably adapted to avoid such violations.

9. Unless otherwise indicated, the use of any Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants.

10. Unless otherwise stated, all the conduct engaged in by Defendants occurred in the State of California.

11. At all times relevant, Plaintiff was an individual residing within the State of California.

## JURISDICTION AND VENUE

12. This action arises out of Defendants' violations of: (i) The Fair Debt Collection Practices Act, ("FDCPA") 15 U.S.C. § 1692, *et seq.*; and (ii) The Rosenthal Fair Debt Collection Practices Act, ("RFDCPA") Cal. Civ. Code § 1788, *et seq.*

13. Therefore, jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367 for supplemental state law claims.

14. The Court has personal jurisdiction over Defendants as they conduct business within the State of California and have purposefully availed themselves of the laws and markets of the State of California and this district.

15. Venue is proper in the United States District Court, Central District of California as: (i) Plaintiff resides in the County of Riverside, State of California, which is within this judicial district; and (ii) the conduct complained of herein occurred within this judicial district.

## PARTIES

16. Plaintiff, MICHELLE COOPER, ("Plaintiff") is a natural person who resides in the City of Sun City, County of Riverside, State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by Cal. Civ. Code § 1788.2(h). In addition, Plaintiff is a "consumer" and a "person" as that term is defined by 15 U.S.C. § 1692a(3).

17.  Defendant, ACE CASH EXPRESS, INC., ("ACE") is a Texas corporation.

18.  ACE, in the ordinary course of business, regularly, on behalf of itself and/or others, engages in "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by Cal. Civ. Code § 1788.2(c).

19.  Defendant NATIONAL PROCESSING CORP., ("NPC") is a Florida Corporation.

20.  NPC in the ordinary course of business, uses U.S. Mail and/or the instrumentalities of interstate commerce to carry out their principle business purpose which is the collection of debts.

21.  NPC, in the ordinary course of business, regularly, on behalf of itself and others, engages in "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by Cal. Civ. Code § 1788.2(c) and 15 U.S.C. § 1692a(6).

22.  NPC maintains internet domain www.nationalprocessingcorp.com that was registered on June 27, 2014 by RIVERA, 11250 Old St. Augustine Road, Suite 15-167, Jacksonville, Florida 32257, telephone number 904-638- 8337, email address nationalprocessingcorp@gmail.com. The domain name links to an active internet website that states in pertinent part: "National Processing Corp. is an established leader in the debt collection industry for more than 7 years." NPC uses the domain name to send and receive email using multiple addresses, including recovery@nationalprocessingcorp.com. The internet website provides a contact telephone number of 877-272-2769 and street address of 11250 Old St. Augustine Road, Suite 15-167, Jacksonville, Florida 32257.

23.  NPC directly and indirectly participated in the unlawful debt collection practices to collect an alleged debt from Plaintiff that are described in this complaint.

///

24. Defendant, ELEXIS RIVERA, ("RIVERA") is a natural person, age 35, likely residing at 11080 Craig Hill Court, Jacksonville, Florida 32221-4117.

25. RIVERA is an owner, officer, member, manager, employee and registered agent of NPC at 11250 Old St. Augustine Road, Suite 15- 167, Jacksonville, Florida 32257.

26. RIVERA in the ordinary course of business, uses U.S. Mail and/or the instrumentalities of interstate commerce to carry out her principle business purpose which is the collection of debts.

27. RIVERA, in the ordinary course of business, regularly, on behalf of itself and others, engages in "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by Cal. Civ. Code § 1788.2(c) and 15 U.S.C. § 1692a(6).

28. On May 21, 2015, RIVERA filed an application with the State of California for NPC to transact business in California using the assumed named "NPCA," for the following purpose: "Collection Agency - Call Center."

29. RIVERA and NPC use multiple telephone numbers to operate their debt collection scheme, including (855) 462-9297.

30. RIVERA created the collection policies and procedures used by NPC, and their employees and agents, in connection with their common efforts to collect consumer debts.

31. RIVERA managed or otherwise controlled the daily collection operations of seven (7) debt collection agencies, including NPC.

32. RIVERA oversaw the application of the collection policies and procedures used by NPC, and their employees and agents.

33. RIVERA drafted, created, approved and ratified the tactics and scripts used by NPC and their employees and agents to collect debts from consumers, including the tactics and scripts that were used to attempt to collect an alleged debt from Plaintiff as stated herein.

34. RIVERA ratified the unlawful debt collection practices and procedures used by NPC, and their employees and agents in connection with their common efforts to collect consumer debts, and had knowledge of, approved, participated in, and ratified the unlawful debt collection practices used by NPC, and their employees and agents in attempts to collect an alleged debt from Plaintiff as stated herein.

35. RIVERA directly and indirectly participated in the unlawful debt collection practices to collect an alleged debt from Plaintiff that are described in this Complaint.

36. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f) and a "debt" as the term is defined by 15 U.S.C. § 1692a(5).

## GENERAL FACTUAL ALLEGATIONS

37. In or about 2016, Plaintiff is alleged to have obtained a short-term pay day loan for approximately $315.00, (the "Debt"), with ACE CASH EXPRESS, INC., ("ACE").

38. The alleged Debt was incurred primarily for personal, family or household purposes and is therefore a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f), and a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

39. Plaintiff allegedly defaulted on the Debt.

40. Sometime thereafter, the Debt was placed with NATIONAL PROCESSING CORP., ("NPC") for the sole purpose of debt collection.

41. In the face of financial hardship, Plaintiff sought out legal help from an attorney to deal with her growing financial problems.

42. On February 5, 2018, Plaintiff filed for Chapter 7 bankruptcy with the United States Bankruptcy Court for the Central District of California, Case No. 6:18-

BK-10896-SC.

43. On February 7, 2018, the Bankruptcy Court served a "Notice of Chapter 7 Bankruptcy", (the "BNC Notice") on all of Plaintiff's creditors, including ACE.

44. The BNC Notice identified Plaintiff's Bankruptcy Counsel by stating "Debtor's Attorney Name and Address" followed by the name and address of Plaintiff's bankruptcy counsel.

45. The BNC Notice also informed all of Plaintiff's creditors that upon the filing of the Bankruptcy: "*Creditors cannot demand repayment from debtors by mail, phone, or otherwise.*"

## FACTUAL ALLEGATIONS PERTAINING TO
## NPC

46. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47. On March 1, 2018, on behalf of and under the direction and control of ACE, NPC contacted Plaintiff's son from phone number (855) 462-9297, and left a voicemail attempting to collect on the Debt.

48. NPC contacted Plaintiff's son, without the prior consent of Plaintiff or the express permission of the court in an attempt to collect on the alleged Debt. NPC disclosed information concerning Plaintiff's alleged Debt to Plaintiff's son.

49. Through this conduct, NPC violated: (i) 15 U.S.C. § 1692c(b) by communicating with a person other than the consumer, in connection with the collection of a debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, NPC also violated Cal. Civ. Code § 1788.17.

///
///
///

50. On March 2, 2018, Plaintiff's son forwarded the voicemail to Plaintiff. The voicemail stated:

> This information is intended for Michelle A. Cooper, claim number 482788. This is Tracey Peirce contacting you regarding an order that was submitted to my office. I need to verify your address *for service of process*. Ms. Michelle A. Cooper *you have charges and a claim against you.* At this point *you have one opportunity* to contact the firm handling your claim to discuss this matter. They can be reached at (855) 426-9297, claim number 482788. Ms. Michelle A. Cooper *you have officially been notified.*

[emphasis added.]

51. The voicemail explicitly references (855) 426-9297, a phone number registered to RIVERA and NPC.

52. The voicemail's purpose was to instill a false sense of urgency of an imminent lawsuit or criminal charge to coerce Plaintiff into contacting NPC and paying the alleged Debt.

53. By claiming the need to verify Plaintiff's address for "service of process", NPC threated litigation, and falsely implied that there were, or could soon be, legal claims pending against Plaintiff.

54. By stating "[Plaintiff] has *charges* and a claim against [her]" NPC falsely represented and implied that Plaintiff had committed a crime and that criminal charges were pending against her.

55. NPC is not a law firm, and NPC's business does not encompass filing lawsuits against consumers. Through the date of this filing, no legal action has been taken against Plaintiff by NPC, and no lawsuit is currently pending in any California court against Plaintiff for the alleged Debt.

56. Therefore, in an attempt to collect upon the alleged Debt, NPC unlawfully threatened litigation and criminal prosecution by attempting to intimidate

Plaintiff with false threats of "service of process," and "charges."

57. The above-described threats and representations made to Plaintiff by NPC and NPC's employees and agents were false and part of a scripted and unlawful debt collection practice that is ongoing and is currently being perpetrated by Defendants to coerce the payment of money from consumers through the use of false threats, criminal extortion, intimidation, and unlawful harassment.

58. Through this conduct, NPC violated: (i) 15 U.S.C. § 1692e by making false, deceptive, and misleading representations in connection with the collection of a debt; (ii) 15 U.S.C. § 1692e(2) by making false representations regarding the character, amount or legal status of a debt; (iii) 15 U.S.C. § 1692e(5) by threatening to take action that cannot legally be taken or that is not intended to be taken; (iv) 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or attempt to collect a debt; and (v) 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt. These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, NPC also violated Cal. Civ. Code § 1788.17.

59. In addition, when Plaintiff received the voicemail she did not know who was attempting to contact her nor did she know or understand that NPC, a debt collector, was attempting to contract her in an attempt to collect a debt.

60. In the voicemail, NPC failed to: (i) identify itself as a debt collector; (ii) state that the purposes of the call was debt collection and any that information obtained would be used for the purposes of debt collection; and (iii) failed to make meaningful disclosure of its identity.

61. Through this conduct, NPC violated: (i) 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress or abuse a person in connection with the collection of a debt; (ii) 15 U.S.C. § 1692d(6) by placing telephone calls without meaningful disclosure of the caller's identity; (iii) 15 U.S.C. § 1692e by making false, deceptive, and misleading representations in

connection with the collection of a debt; and (iv) 15 U.S.C. § 1692e(11) by failing to identify themselves as a debt collector in a communication with a consumer. These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, NPC also violated Cal. Civ. Code § 1788.17.

62. On March 2, 2018, fearing criminal prosecution, Plaintiff contacted NPC.

63. During the March 2, 2018 phone call, NPC stated that their name was "Global First" and that they were collecting the Debt on behalf of ACE.

64. "Global First" is a false name used by NPC to evade government regulation and civil liability for their unlawful debt collection actions.

65. Through this conduct, NPC violated: (i) 15 U.S.C. § 1692e by making false, deceptive, and misleading representations in connection with the collection of a debt; (ii) 15 U.S.C. § 1692e(5) by threatening to take action that cannot legally be taken or that is not intended to be taken; (iv) 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or attempt to collect a debt; and (v) 15 U.S.C. § 1692e(14) by using a business, company, or organization name other than the true name of the debt collector's business, company, or organization. These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, NPC also violated Cal. Civ. Code § 1788.17.

## FACTUAL ALLEGATIONS PERTAINING TO
## RIVERA

66. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

67. RIVERA is an owner, President, member, manager, employee and registered agent of NPC.

68. RIVERA created the collection policies and procedures used by NPC, and their employees and agents, in connection with their common efforts to collect consumer debts.

///

69. RIVERA managed or otherwise controlled the daily collection operations of seven (7) debt collection agencies, including NPC.

70. RIVERA oversaw the application of the collection policies and procedures used by NPC, and their employees and agents.

71. RIVERA drafted, created, approved and ratified the tactics and scripts used by NPC and their employees and agents to collect debts from consumers, including the tactics and scripts that were used to attempt to collect the alleged Debt from Plaintiff during the March 1, 2018 voicemail, and the March 2, 2018 phone call.

72. RIVERA ratified the unlawful debt collection practices and procedures used by NPC, and their employees and agents in connection with their common efforts to collect consumer debts, and had knowledge of, approved, participated in, and ratified the unlawful debt collection practices used by NPC, and their employees and agents in attempts to collect the alleged Debt from Plaintiff during the March 1, 2018 voicemail, and the March 2, 2018 phone call.

73. RIVERA directly and indirectly participated in the unlawful debt collection practices to collect the alleged Debt from Plaintiff during the March 1, 2018 voicemail, and the March 2, 2018 phone call.

74. Through this conduct, RIVERA (i) materially participated in collecting the Debt; (ii) exercises control over the affairs of the business of NPC; (iii) was personally involved in the collection of the Debt; and/or (iv) regularly engages, directly and indirectly, in the collection of Debts.

75. Therefore, for each and every unlawful action by NPC described in this Complaint, RIVERA is also liable. Through the conduct described in paragraphs 46-65 of this Complaint, RIVERA violated: (i) 15 U.S.C. § 1692c(b) by communicating with a person other than the consumer, in connection with the collection of a debt; (ii) 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress or abuse a person in connection with the collection of a debt; (iii) 15 U.S.C. § 1692d(6) by placing

telephone calls without meaningful disclosure of the caller's identity; (iv) 15 U.S.C. § 1692e by making false, deceptive, and misleading representations in connection with the collection of a debt; (v) 15 U.S.C. § 1692e(2) by making false representations regarding the character, amount or legal status of a debt; (vi) 15 U.S.C. § 1692e(5) by threatening to take action that cannot legally be taken or that is not intended to be taken; (vii) 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or attempt to collect a debt; (viii) 15 U.S.C. § 1692e(11) by failing to identify themselves as a debt collector in a communication with a consumer; (ix) 15 U.S.C. § 1692e(14) by using a business, company, or organization name other than the true name of the debt collector's business, company, or organization; and (x) 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt. These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, RIVERA also violated Cal. Civ. Code § 1788.17.

## FACTUAL ALLEGATIONS PERTAINING TO ACE

76. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

77. On July 10, 2014, the Consumer Financial Protection Bureau, ("CFPB") drafted a Consent Order after reviewing the debt collection practices of ACE. The CFBP determined that ACE was engaged in unfair, deceptive, and abusive debt collection practices (nearly identical to those alleged in this Complaint) in violation of the Consumer Financial Protection Act of 2010 ("CFPA"), 12 U.S.C. §§ 5531(a) and 5536(a)(1)(B). *In the Matter of ACE Cash Express, Inc.*, No. 2014-CFPB-0008, U.S. Consumer Financial Protection Bureau (July 10, 2014).

78. The CFPB found that "ACE controlled its third-party debt collectors according to the terms of its third- party vendor contracts. These contracts include specific

terms that govern third- party debt collectors' collection activities. ACE's compliance monitoring, vendor management, and quality assurance did not prevent, identify, or correct instances of misconduct by some third-party debt collectors. ACE directed in-house and third-party debt collectors to call all telephone numbers provided in consumers' loan applications, including numbers of third- party references."

79.   The CFPB discovered ACE's collections training manuals instructed its collectors to "create a sense of urgency" for consumers, like Plaintiff, who are in default of their loans. In order to create such a false sense of urgency, ACE's collectors made excessive calls, disclosed the existence of a consumer's debts to third parties, and even "falsely threatened delinquent borrowers with litigation or criminal prosecution, including by referencing or alluding to attorneys, clerks, legal departments, filings, formal complaints, and 'immediate proceedings based on the law.'" *Id.* ACE's customers reasonably believed that they were likely to be sued or that an attorney had reviewed their account, when that was not the case.

80.   "ACE does not sue consumers for failing to pay or refer non-payment for criminal prosecution; nor does it permit its third-party debt collectors to do so. Yet, ACE trained and instructed its debt collectors to create a 'sense of urgency.' Some ACE collectors leveraged the sense of urgency to encourage delinquent borrowers with a demonstrated inability to repay their existing loans to take out new loans. Specifically, ACE's 'Foundations of Collections New Hire Training Manual,' which the company used from September 2010 to September 2011, describes what it calls 'The Loan Process'." *Id.* [Exhibit 1.]

81.   NPC's and RIVERA's actions stated herein were conducted on behalf of, under the direction and control of, and while acting as the agent of ACE. Therefore, ACE is liable for all of NPC's and RIVERA's conduct under the theory of vicarious liability.

82. Therefore, for each and every unlawful action by NPC and RIVERA described in this Complaint, ACE is also liable under a theory of vicarious liability. Through the conduct described in paragraphs 46-75 of this Complaint, ACE violated: (i) 15 U.S.C. § 1692c(b) by communicating with a person other than the consumer, in connection with the collection of a debt; (ii) 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress or abuse a person in connection with the collection of a debt; (iii) 15 U.S.C. § 1692d(6) by placing telephone calls without meaningful disclosure of the caller's identity; (iv) 15 U.S.C. § 1692e by making false, deceptive, and misleading representations in connection with the collection of a debt; (v) 15 U.S.C. § 1692e(2) by making false representations regarding the character, amount or legal status of a debt; (vi) 15 U.S.C. § 1692e(5) by threatening to take action that cannot legally be taken or that is not intended to be taken; (vii) 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or attempt to collect a debt; (viii) 15 U.S.C. § 1692e(14) by using a business, company, or organization name other than the true name of the debt collector's business, company, or organization; and (ix) 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt. These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, ACE also violated Cal. Civ. Code § 1788.17.

83. In addition, by contacting Plaintiff in an attempt to collect the Debt on March 1, 2018 and March 2, 2018, Defendants engaged in unlawful debt collection practices in violation of the automatic stay imposed by Plaintiff's bankruptcy.

84. The BNC Notice, sent to ACE on February 7, 2018: (i) provided ACE with actual written notice of Plaintiff having retained an attorney with respect to the Debt; (ii) informed ACE that upon the filing of the Bankruptcy, ACE could not demand repayment from Plaintiff by mail, phone, or otherwise; and (iii) provided ACE with written notice of Plaintiff's attorney's contact information,

including name and address.

85. Despite having received the BNC Notice, NPC and RIVERA, on behalf of, under the direction and control of, and while acting as the agent of ACE, contacted Plaintiff two (2) times to collect on the Debt.

86. Through this conduct, ACE violated: (i) 15 U.S.C. § 1692c(a)(2) by communicating with a consumer known to be represented by an attorney; (ii) 15 U.S.C. § 1692c(c) by communicating with a consumer after the consumer notified the debt collector that they wished the debt collector cease further communications; (iii) 15 U.S.C. § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt; and (iv) 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt. These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, ACE also violated Cal. Civ. Code § 1788.17.

87. Through this conduct, ACE also violated Cal. Civ. Code § 1788.14(c) by initiating communications with Plaintiff when ACE had been previously notified in writing that Plaintiff was represented by an attorney with respect to the Debt.

88. Defendants' conduct described herein has caused damage to Plaintiff. As a result of Defendants' conduct, Plaintiff has suffered damages though mental and emotional pain and anguish, humiliation and embarrassment. Plaintiff has also spent several hours and suffered pecuniary loss in attempting to correct Defendants' unlawful conduct.

///

///

///

1
2
3
4

**FIRST CAUSE OF ACTION FOR VIOLATIONS OF**

**THE FAIR DEBT COLLECTION PRACTICES ACT**

**("FDCPA") 15 U.S.C. § 1692 ET SEQ.**

**[AGAINST NPC AND RIVERA]**

89. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

90. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 *et seq.*

91. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in the amount of up to $1,000.00 from each Defendant pursuant to 15 U.S.C. § 1692k(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

**SECOND CAUSE OF ACTION FOR VIOLATIONS OF**

**THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

**("RFDCPA") CAL. CIV. CODE § 1788, ET SEQ.**

**[AGAINST ALL DEFENDANTS]**

92. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

93. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

94. Cal. Civ. Code § 1788.17 incorporates the FDCPA (15 U.S.C. § 1692b through 1692j). Therefore, each of stated violations of the FDCPA also constitutes a violation of the RFDCPA (Cal. Civ. Code § 1788.17).

95. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for knowing or willful violations in the amount of up to $1,000.00, from each

Defendant, pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney fees and costs pursuant to Cal. Civ. Code § 1788.30(c).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants, according to such causes of action stated against each Defendant, as follows:

- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1);

- An award of statutory damages of $1,000.00, from each Defendant, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a);

- An award of statutory damages of $1,000.00, from each Defendant, pursuant to Cal. Civ. Code § 1788.30(b);

- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);

- That the Court preliminarily and permanently enjoin Defendants from engaging in the unlawful debt collection and credit reporting practices stated herein; and

- Any and all other relief that this Court deems just and proper.

Dated: March 9, 2018                    Respectfully submitted,

                                        **SINNETT LAW, APC.**

                                        BY: /S/ WAYNE A. SINNETT .
                                        WAYNE A. SINNETT, ESQ.
                                        ATTORNEY FOR PLAINTIFF

# TRIAL BY JURY

96.    Pursuant to the Seventh Amendment in the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: March 9, 2018                     Respectfully submitted,

                                         **SINNETT LAW, APC.**

                                         BY: /S/ WAYNE A. SINNETT .
                                         WAYNE A. SINNETT, ESQ.
                                         ATTORNEY FOR PLAINTIFF